**Jerry Lynn TOMEY, Plaintiff,**

v.

**Michael GISSY, Sheriff, Lewis County; Daniel E. Fugate, Probation Officer, Twenty–Sixth Judicial Circuit Probation Department, Defendants.**

Civ. A. No. 93–0092–E.

United States District Court,
N.D. West Virginia.

Sept. 23, 1993.

---

Jerry Lynn Tomey, pro se.

Michael Kozakewich, Jr., Steptoe & Johnson, Clarksburg, WV, for defendants.

### ORDER

MAXWELL, Chief Judge.

Plaintiff, a state prisoner proceeding *pro se*, earlier instituted this civil rights action to pursue remedies in this Court pursuant to 42 U.S.C. § 1983 complaining the facilities and treatment Defendants provided to Plaintiff, who is restricted to a wheelchair, violated his rights under the constitution and the Americans with Disabilities Act of 1990 (ADA), *see* 42 U.S.C. § 12131 *et seq.*

Plaintiff asserts Defendant Gissy, from July 20 to August 4, 1992, violated his rights by 1) sending Plaintiff, three times, from Lewis County on a four to five hour drive to the Eastern Regional Jail in Martinsburg, West Virginia, 2) not providing wheelchair access at the Lewis County Sheriff's Department, and 3) not providing jail facilities for

the handicapped at the Lewis County Jail. Plaintiff asserts his rights were violated by Defendant Fugate, a probation officer, by 1) not providing wheelchair access to the probation office on the day of Plaintiff's probation appointment, December 4, 1992, and, 2) improperly investigating Plaintiff's presentence report.

On August 26, 1993, Defendants, by counsel, Michael Kozakewich, Jr., filed a motion to dismiss with supporting exhibits and memorandum which this Court construes as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff was given *Roseboro* [1] notice by the Court on August 30, 1993, and extended twenty (20) days in which to file his response. On September 7, 1993, the Court received a one (1) page, handwritten, letter from Plaintiff in which he responds to matters raised in Defendants' motion. Accordingly, it is

**ORDERED** that the Clerk of Court **FILE** the said response as part of the record in this matter and transmit a copy of the response to counsel for Defendants.

The Court will review Defendants' motion for summary judgment in view of Plaintiff's response.

Motions for summary judgment under Rule 56, Fed.R.Civ.P., impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). Rule 56(c) provides that summary judgment shall be entered whenever "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The "mere existence of a scintilla of evidence[,]" favoring the nonmoving party, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

To withstand Defendants' motion, Plaintiff must offer evidence from which "a fair-minded jury could return a verdict for [Plaintiff,]" after examining the record as a whole. *Id.*

1. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*pro se* litigant must be given meaningful notice of opportunity to respond to a Motion for Summary Judgment).

Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the action under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Id.* at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

Defendants contend Plaintiff's discrimination claims under the ADA are time barred because Plaintiff did not file a complaint with the appropriate agency within 180 days of the alleged discrimination. Unless an extension is granted by the appropriate agency,[2] a claim of discrimination on the basis of disability against a public entity must be made within 180 days from the date of the alleged discrimination. 28 C.F.R. § 35.170(b).

The record does not reveal, nor does Plaintiff refute in his response to Defendants' motion for summary judgment, that Plaintiff timely filed his allegations in the instant Complaint within the prescribed period. The latest of Plaintiff's allegations concerning violations of the ADA occurred on December 4, 1992. The instant suit was received by the Court on June 30, 1993, 208 days after the last alleged incident of discrimination. Without proceeding to the merits of his claims under the ADA, Plaintiff's claims against Defendant Gissy, concerning facilities for the handicapped at Lewis County Jail and the Sheriff's Department, and his claims against Defendant Fugate, concerning wheelchair access to the probation office, are time barred pursuant to 28 C.F.R. § 35.170(b).

The remaining claims in this instant matter are Plaintiff's allegations concerning his having been driven several times from Lewis County to the Eastern Regional Jail in Martinsburg and allegations concerning the preparation of his presentence report.

■ Plaintiff asserts that on three occasions he was placed in danger by Defendant Gissy's authorization to transport Plaintiff from Lewis County to the Eastern Regional Jail by the alleged high rate of speed and the extended period in which he was in the car. Deliberate indifference to a serious medical need of a prisoner constitutes unnecessary

and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiff has not alleged, nor does the record reflect, that he was denied a serious medical need.

Plaintiff alleges his constitutional rights were violated by Defendant Fugate's preparation of Plaintiff's pre-sentence report. Defendant Fugate collected information concerning Plaintiff pursuant to and in accordance with West Virginia Code § 62–12–7. Included in the preparation, Defendant Fugate was required by the state court to provide information on community sentiment concerning whether probation would be appropriate in Plaintiff's case. Plaintiff contends his constitutional rights were violated by having not been provided the opportunity to confront those persons who were questioned by Defendant Fugate.

The record reflects that Plaintiff and his attorney were provided the opportunity prior to sentencing to contest the contents of the presentence report which was the result of the investigation completed by Mr. Fugate. This Court is not willing to circumvent the state judicial process, in an action such as this, where there is no evidence suggesting a Plaintiff has been denied a constitutional right.

■ Also, it appears Plaintiff's claim concerning the presentence report calls into question the validity of his confinement; § 1983 claims which call into question the validity or duration of confinement, even if not seeking habeas relief, is subject to exhaustion requirement of 28 U.S.C. § 2254(b); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Nothing in the record in this matter reflects Plaintiff has exhausted his state remedies.

Upon examination of the record, a fair minded jury could not return a verdict for Plaintiff. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment be, and the same is hereby, **GRANTED** and the above-styled civ-

2. 28 C.F.R. § 35.190(b)(6).

il rights action be **STRICKEN** from the docket of this Court.

If Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.